LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-06196 BRO (RZx) | Date | September 4, 2013 |
|---|---|---|---|
| Title | JPMORGAN CHASE BANK N.A. V. ALTONELL BURHANAN | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**          (IN CHAMBERS)

### ORDER TO SHOW CAUSE RE: SUBJECT MATTER AND DIVERSITY JURISDICTION

On February 03, 2013, Plaintiff JPMorgan Chase Bank N.A. filed this action in the Los Angeles County Superior Court. On August 22, 2013, Kevin Neiger removed the action to this Court. Mr. Neiger alleges the action originally could have been filed in this Court, pursuant to 28 U.S.C. § 1331, based on issues of federal law, and apparently under 28 U.S.C. § 1332, based upon diversity citizenship and an amount in controversy exceeding $75,000. Accordingly, Mr. Neiger removed the action pursuant to 28 U.S.C. § 1441.

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339 (9th Cir. 1996). The removal statute is "strictly construe[d] . . . against removal jurisdiction," and the removing party "always has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-06196 BRO (RZx) | Date | September 02, 2013 |
|---|---|---|---|
| Title | JPMORGAN CHASE BANK N.A. V. ALTONELL BURHANAN | | |

A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. V. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983).

In this case, Plaintiff alleges one cause of action for unlawful detainer, as defined under California Code of Civil Procedure § 1161. In Mr. Neiger's Notice of Removal, he fails to list a single federal law at issue. (Dkt. No. 1.) Indeed, the Court has reviewed Plaintiff's complaint and finds no claim arising under federal law.

The Court notes that Mr. Neiger does allege the following in his Notice of Removal:

> Defendant has signed a lease giving him rightful peaceful possession of [the subject property]. . . . Plaintiff has blatantly ignored these facts and in their egregious actions have disregarded the Real Estate Settlement Procedures Act ("RESPA"), the Fair Debt Credit Reporting Act (FDCRA), their national settlement in admitting their use of robo-signed and fraudulent notary signatures, and disregarded that this was a securitized trust transaction and that they were a Mortgage servicer.

(Notice of Removal 2.) Apparently, Mr. Neiger is claiming Plaintiff may not proceed with the unlawful detainer action because it has not complied with federal law.

To the extent that Mr. Neiger intends to rely on a defense created by federal law, the Court yet lacks subject matter jurisdiction. *See Franchise Tax Bd.*, 463 U.S. at 14. A defense is not part of a plaintiff's properly pleaded claim. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Accordingly, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14. Therefore, in this case, removal would appear to be improper based on 28 U.S.C. § 1331.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-06196 BRO (RZx)** | Date | September 02, 2013 |
|---|---|---|---|
| Title | JPMORGAN CHASE BANK N.A. V. ALTONELL BURHANAN | | |

Mr. Neiger never references 28 U.S.C. § 1332 in his Notice of Removal. He does, however, claim that Plaintiff "has committed fraud upon the court by failing to identify the true dollar amount involved as being over $75,000." (Notice of Removal 2.) It appears, therefore, that Mr. Neiger may be claiming jurisdiction based upon diversity of citizenship between the parties and an amount in controversy exceeding $75,000.

Under 28 U.S.C. § 1332, federal courts have jurisdiction on the basis of diversity of citizenship if the amount in controversy exceeds $75,000 and the matter is between citizens of different states. 28 U.S.C. § 1332. Where the complaint on its face does not allege damages in excess of $75,000, it is a defendant's burden to show the claim meets the jurisdictional minimum.

Here, on the face of the complaint, Plaintiff expressly alleges the amount in controversy does not exceed $10,000. Although Mr. Neiger alleges the amount in controversy in fact exceeds $75,000, he does not make any type of showing to support his assertion. Additionally, Mr. Neiger fails to demonstrate, or even allege, diversity of citizenship among the parties. Accordingly, Mr. Neiger has not met his burden to establish federal jurisdiction based on 28 U.S.C. § 1332.

In order to assist Mr. Neiger, a *pro se*, in responding to this order to show cause, the Court provides here the information for the Federal *Pro Se* Clinic. The Federal *Pro Se* Clinic in Los Angeles is located in:

The United States Courthouse
312 N. Spring Street, Room 525, 5th Floor
Los Angeles, CA 90012

and can be reached at (213) 385-2977, Ext. 270. Mr. Neiger is urged to check the website or call for available hours.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-06196 BRO (RZx)** | Date | September 02, 2013 |
|---|---|---|---|
| Title | JPMORGAN CHASE BANK N.A. V. ALTONELL BURHANAN | | |

Accordingly, Mr. Neiger is **ORDERED TO SHOW CAUSE no later than 5:00 p.m. on Monday, September 23, 2013**, as to why the Court should not remand this action for lack of subject matter jurisdiction. **Failure to respond by this deadline will be deemed consent to remand.**

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |